J. S23006/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DERRICK CROSS A/K/A JARED AUSTIN, | : | No. 3280 EDA 2012 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, November 5, 2012,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0306931-2004

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS AND WECHT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED SEPTEMBER 08, 2014**

Derrick Cross a/k/a Jared Austin[1] appeals from the order of November 5, 2012, dismissing his PCRA[2] petition.  We affirm.

On October 4, 2006, appellant pled guilty to third degree murder, a violation of the Uniform Firearms Act ("VUFA"), and possession of an instrument of a crime ("PIC").  The charges were brought in connection with the January 24, 2004 shooting death of Gregory Gay ("Gay").  Gay was shot approximately five times by appellant, including in the back, buttocks, and genitals.  Appellant was sentenced to 20 to 40 years' incarceration for third

---

[1] Despite references in the record to "Jared Austin," apparently appellant's real name is Derrick Cross.  (Notes of testimony, 10/26/04 at 19.)

[2] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

degree murder, and consecutive sentences of 2½ to 5 years for VUFA and PIC, for an aggregate sentence of 25 to 50 years.

A post-sentence motion to withdraw his guilty plea was denied; however, the trial court did modify appellant's sentence to 22 to 50 years, by reducing his minimum sentences on the charges of VUFA and PIC to one year. On October 4, 2006, appellant was granted limited PCRA relief, and was permitted to file a *nunc pro tunc* appeal from the judgment of sentence. In an unpublished memorandum filed September 10, 2007, this court affirmed judgment of sentence, and on May 20, 2008, our supreme court denied allowance of appeal. *Commonwealth v. Austin*, 938 A.2d 1107 (Pa.Super. 2007) (unpublished memorandum), *appeal denied*, 953 A.2d 539 (Pa. 2008).

On July 30, 2008, appellant filed a timely *pro se* PCRA petition, alleging that trial counsel, Jay Gottlieb, Esq., was ineffective for failing to investigate a self-defense claim; for advising appellant that he could receive the death penalty if he went to trial; and for waiving his right to a pre-sentence investigation. Barbara A. McDermott, Esq., was appointed to represent appellant, and filed a *Turner*/*Finley* "no-merit" letter and petition to withdraw.[3] Subsequently, Attorney McDermott was elected to the Philadelphia County Court of Common Pleas, and current counsel,

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Robert M. Gamburg, Esq., entered his appearance.[4]  On August 27, 2012, Attorney Gamburg filed a petition to withdraw, incorporating Attorney McDermott's prior no-merit letter.  On October 1, 2012, the PCRA court issued notice pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A., of its intention to dismiss appellant's petition within 20 days without further proceedings.  The PCRA court indicated that it accepted Attorney Gamburg's **Turner**/**Finley** no-merit letter and found that the claims raised in appellant's PCRA petition were without merit; however, the PCRA court did not specifically resolve the petition to withdraw.  (Docket #D23.)  On November 5, 2012, appellant's PCRA petition was formally dismissed.

On December 4, 2012, appellant, still represented by Attorney Gamburg, filed a timely notice of appeal.  On June 11, 2013, appellant was ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., by July 2, 2013, and appellant timely complied.  The PCRA court filed a Rule 1925(a) opinion on October 2, 2013.

---

[4] There appears to be some confusion as to whether Attorney Gamburg was court-appointed or privately retained.  The PCRA court opinion indicates that Attorney Gamburg was retained; however, the November 5, 2012 order dismissing appellant's PCRA petition states that appellant may file an appeal within 30 days "on a **pro se** basis or with retained counsel.  **In Forma Pauperis** status to continue."  (Docket #D24; PCRA court opinion, 10/2/13 at 2.)  In his petition for leave to withdraw filed with this court and in his brief on appeal, Attorney Gamburg states that he was retained.  There is a docket entry on November 21, 2011, stating, "Private counsel retained."

On November 19, 2013, Attorney Gamburg filed a petition to withdraw as counsel and accompanying "**Anders** brief."[5]  On January 16, 2014, appellant filed a **pro se** response to Attorney Gamburg's **Anders** brief and petition to withdraw, essentially alleging ineffectiveness of PCRA counsel for failing to conduct a thorough, diligent review of the record, and instead relying on Attorney McDermott's no-merit letter.[6]

Initially, we recite our standard of review:

---

[5] Attorney Gamburg has filed an **Anders** brief rather than a **Turner**/**Finley** no-merit letter.  **Anders v. California**, 386 U.S. 738 (1967).  On an appeal from the denial of a PCRA petition, a **Turner**/**Finley** letter is the appropriate filing.  However, we may accept an **Anders** brief instead.  **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), **appeal denied**, 882 A.2d 477 (Pa. 2005) ("[B]ecause an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter.").  **See also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) (guiding Pennsylvania courts' application of **Anders**).  Despite counsel's error, we find that he has complied substantially with the **Turner**/**Finley** requirements.  Hence, we overlook his procedural misstep.

[6] We note that Attorney Gamburg failed to attach a copy of the letter to appellant advising him of counsel's intention to withdraw and of his rights going forward.  **See Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa.Super. 2006) ("PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the 'no-merit' letter, and (ii) a statement advising the PCRA petitioner that, in the event the [] court grants the application of counsel to withdraw, the petitioner has the right to proceed **pro se**, or with the assistance of privately retained counsel") (footnote omitted).  However, prior court-appointed counsel, now Judge, McDermott, did advise appellant of his right to proceed **pro se** or with privately retained counsel.  In addition, this court issued a corrective order advising appellant that he had 30 days to file a response **pro se** or through privately retained counsel; and, in fact, appellant did file a **pro se** response to Attorney Gamburg's withdrawal petition.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001).

*Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa.Super. 2007),

*appeal denied*, 940 A.2d 365 (Pa. 2007).

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *Id.* It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *Commonwealth v. Hardcastle*, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

*Id.* at 882, quoting *Commonwealth v. Khalifah*, 852 A.2d 1238,

1239-1240 (Pa.Super. 2004).

[W]e begin with the presumption that counsel was effective. A claimant establishes ineffective assistance of counsel when he demonstrates that [1] the underlying claim is of arguable merit; [2] that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate the appellant's interest; and finally, [3] that counsel's action or inaction was prejudicial to the client. For an action (or inaction) by counsel

> to be considered prejudicial to the client, there must be a reasonable probability that the outcome of the proceedings would have been different. All three prongs of this test must be satisfied. If an appellant fails to meet even one prong of the test, his conviction will not be reversed on the basis of ineffective assistance of counsel.

*Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa.Super. 2004), *appeal denied*, 860 A.2d 123 (Pa. 2004) (citations and internal quotation marks omitted).

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."

*Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa.Super. 2003), quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002) (internal citations omitted).

In his first issue on appeal, appellant argues that trial counsel was ineffective for failing to investigate a self-defense claim prior to advising him to plead guilty. Appellant gave a statement to police in which he claimed that the victim, Gay, was reaching for something. (Notes of testimony, 10/26/04 at 13.) According to appellant, he thought Gay was reaching for a gun and that is why he shot him. (*Id.* at 14.)

The underlying issue, that appellant had a viable self-defense claim, lacks arguable merit. The police recovered six cartridge casings from the scene, and the victim was shot five times, including in the back and buttocks. (*Id.* at 10-11.) The victim was unarmed. In fact, the victim and appellant had been friends prior to this incident. In addition, the victim was shot in the middle of the street, and appellant clearly violated his duty to retreat. *See* 18 Pa.C.S.A. § 505(b)(2)(ii) (use of deadly force not justifiable if the actor knows that he can avoid the necessity of using such force with complete safety by retreating). Furthermore, appellant agreed to waive all available defenses when he pled guilty to third degree murder. *See Commonwealth v. Montgomery*, 401 A.2d 318, 319 (Pa. 1979) ("A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea.") (citations omitted).

The second issue raised is that trial counsel was ineffective for erroneously advising appellant that he could receive the death penalty if he insisted on going to trial. There is nothing in the record to support such an allegation. The Commonwealth never filed notice of intent to seek the death penalty in this case. At the guilty plea hearing, appellant testified that he was entering the plea of his own free will and that no one had made any threats or promises to force him to plead guilty. (Notes of testimony,

10/26/04 at 7.)  Appellant is bound by the statements he made, under oath, at his guilty plea hearing.  ***Commonwealth v. Stork***, 737 A.2d 789, 790-791 (Pa.Super. 1999), ***appeal denied***, 764 A.2d 1068 (Pa. 2000), citing ***Commonwealth v. Lewis***, 708 A.2d 497 (Pa.Super. 1998).  In addition, at the December 2, 2004 hearing on post-sentence motions, including appellant's post-sentence motion to withdraw his guilty plea, appellant never alleged that his attorney told him he faced the death penalty unless he pled guilty.  It is clear that appellant was simply disappointed with his sentence, which is not a basis for withdrawal.  (Notes of testimony, 12/2/04 at 3.)  The trial court asked appellant if he had anything to say and he said no.  (***Id.*** at 5.)

Most importantly, in addition to the counseled motion to withdraw his guilty plea, appellant filed a ***pro se*** motion and memorandum of law, in which he alleged, "the Attorney representing me only said 'You will receive a LIFE sentence if you don't plead guilty.'"  (Docket #D2; "***pro se*** motion to modify sentence ***nunc pro tunc***," filed 2/22/05 (emphasis in original).) Therefore, appellant's argument in this regard is belied by his own assertions.  In point of fact, Attorney Gottlieb's advice was accurate.  As this court observed on direct appeal, "The evidence summarized by the Commonwealth actually supported a charge of first degree murder, which carries a mandatory life sentence."  ***Austin***, ***supra*** at 2.  By entering a

guilty plea to third degree murder, appellant avoided a very possible life sentence. *Id.*

In the third and final issue presented in appellant's PCRA petition, he claims trial counsel was ineffective for waiving his right to a pre-sentence investigation ("PSI") report. Appellant, through counsel, did waive his right to a PSI report and mental health evaluation. (Notes of testimony, 10/26/04 at 17.) However, appellant cannot show how he was prejudiced where the trial court had sufficient information to render an appropriate sentence. Attorney Gottlieb pointed out several people who would testify to appellant's good character. (*Id.* at 17-18.) It was established that appellant had no prior record, and no other open cases. (*Id.* at 18-19.) Attorney Gottlieb described appellant's family and work history. (*Id.* at 18.) Appellant also exercised his right of allocution and expressed his remorse for killing the victim. (*Id.* at 24.) Appellant apologized to the victim's family and asked for their forgiveness, which the trial court described as a good first step. (*Id.* at 24-25.) In sentencing appellant, the trial court mentioned his remorse and lack of a prior record as mitigating factors. (*Id.* at 25-26.) However, the court also noted the seriousness of the offense and appellant's lack of employment history. (*Id.*)

It is clear that despite the lack of a PSI report, the trial court was given sufficient evidence to determine an appropriate sentence. *See Commonwealth v. Wilkerson*, 459 A.2d 1280, 1285 (Pa.Super. 1983) ("It

is not **per se** ineffectiveness for counsel to fail to request a presentence report where, as here, the court is familiar with the defendant and heard evidence which might tend to mitigate the offense"). Appellant received a standard range sentence. There is no indication that a PSI report would have resulted in a more lenient sentence. This claim fails.

In his **pro se** response to Attorney Gamburg's withdrawal petition, appellant argues Attorney Gamburg is ineffective for failing to thoroughly review the record. However, it is well established that allegations of PCRA counsel's ineffectiveness cannot be brought for the first time on PCRA appeal. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (**en banc**) (citations omitted). Furthermore, for the reasons discussed **supra**, we have determined that appellant's allegations of trial counsel ineffectiveness raised in his PCRA petition are without merit.

Appellant raises several additional issues of trial counsel ineffectiveness in his **pro se** response. Appellant claims that Attorney Gottlieb was ineffective for failing to file a pre-sentence motion to withdraw his guilty plea. ("Appellant's reply to counsel's **Anders** brief and request to withdraw," 1/16/14 at 5.) There is no indication that appellant asked counsel to file a pre-sentence motion to withdraw guilty plea. In addition, as stated above, appellant waived his right to a PSI and proceeded immediately to sentencing.

Appellant also claims that the trial court failed to give an adequate definition of malice during the guilty plea colloquy. (*Id.* at 5-6.) This claim is waived, as it could have been brought on direct appeal. 42 Pa.C.S.A. § 9544(b). Furthermore, the facts as related by the Commonwealth obviously established malice, where appellant shot the decedent five times including in the back.

Finally, appellant argues that the written guilty plea colloquy, which contains the following warning, conflicts with established precedent: "If I plead guilty, I am giving up the right to defend my case. I cannot come back to court later and say that I was not guilty. Once I plead guilty, I can no longer complain that I was innocent and did not commit the crime." (Appellant's brief at 6; written guilty plea colloquy, 10/26/04 at 3.) According to appellant, this statement is in conflict with the case law holding that a pre-sentence motion for withdrawal of a guilty plea should be liberally allowed and granted for any fair and just reason. *Commonwealth v. Elia*, 83 A.3d 254, 261-262 (Pa.Super. 2013) (citations omitted).

This claim is both waived and patently meritless. This claim could have been raised on direct appeal and is not cognizable in a PCRA proceeding. By pleading guilty, appellant waived all non-jurisdictional defects and defenses. In addition, appellant did not file a pre-sentence motion to withdraw his plea, so the line of cases discussing the liberal standard for pre-sentence withdrawal of a guilty plea is inapplicable. At any

rate, the written guilty plea colloquy form is simply trying to impress upon defendants the rights they are giving up by pleading guilty and the finality of the plea. It is not an inaccurate statement of the law.

For these reasons, we determine that the issues raised in appellant's PCRA petition, as well as those raised in his *pro se* response to PCRA counsel's withdrawal petition, are wholly frivolous and/or waived; and after our own independent review of the record in this case, we can discern no other issues of arguable merit. Therefore, we will grant Attorney Gamburg's petition to withdraw and affirm the order dismissing appellant's PCRA petition.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2014